Lina Franco, Esq.
Troy Law, PLLC
*Attorneys for Plaintiffs, the proposed FLSA Collective and
potential Rule 23 Class*
*John Troy (JT 0481) (pro hac vice)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
--------------------------------------------------------------------------X
WEIGANG WANG and HAILONG YU,
*on behalf of themselves and others similarly situated*
                                            Plaintiffs,

                    v.

SAKER SHOPRITES, INC. d/b/a ShopRite, and
SAKER HOLDINGS CORP. d/b/a ShopRite,
                                            Defendants.
--------------------------------------------------------------------------X

**Case No: 15-cv-2950 (MAS)(DEA)**

**29 U.S.C. § 216(b) COLLECTIVE**
**ACTION & F.R.C.P. 23 CLASS**
**ACTION**

**COMPLAINT**

Plaintiffs Weigang Wang and Hailong Yu (hereafter "Plaintiffs"), on behalf of

themselves and other similarly situated, by and through their attorney, Troy Law, PLLC, hereby

bring this complaint against  SAKER SHOPRITES, INC. d/b/a ShopRite, and SAKER

HOLDINGS CORP. d/b/a ShopRite (hereafter "Defendants") and allege as follows:

## INTRODUCTION

1. This action is brought by Plaintiffs, on behalf of themselves and other similarly situated

    employees against Defendants for alleged violations of the Federal Labor Standards Act,

    ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law

    ("NJWHL") § 34:11-56 *et seq.*, arising from Defendants' various willful and unlawful

    employment policies, patterns and/or practices.

2. Upon information and belief, Employer Defendants willfully and intentionally committed

    widespread violations of the FLSA and the NJWHL by engaging in a pattern and practice of

1

failing to pay its employees, including Plaintiffs, the statutory minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Upon information and belief, Defendants have failed to maintain accurate records of hours that Plaintiffs and those similarly situated employed by Defendants work or worked, including work done in excess of forty (40) hours each workweek.

4. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from Defendants: (1) compensation for wages paid at less than the statutory minimum wage, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest and (5) attorney fees and costs.

5. Plaintiffs further allege pursuant to the NJWHL that they are entitled to recover from Defendants: (1) compensation for wages paid at less than the statutory minimum wage, (2) unpaid overtime compensation, (3) liquidated damages equal to the sum of unpaid minimum wage and unpaid overtime, (4) prejudgment interest (5) post-judgment interest and (6) attorney fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case is brought under the Federal Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFFS**

8. From on or about April 2012 to March 2015, Plaintiff Weigang Wang ("Wang") was employed as a cook by Chapei LLC d/b/a Wok Empire, SAKER SHOPRITES, INC. d/b/a ShopRite, and SAKER HOLDINGS CORP. d/b/a ShopRite, at the following ShopRite supermarket locations:

  a. ShopRite of Aberdeen: 318 Lloyd Road, Aberdeen, New Jersey 07747;

  b. Shoprite of Middletown: Route 35 & Harmony Road, Middletown, NJ 07748;

  c. Shoprite of Somerville: 1 South Davenport Street, Somerville, NJ 08876;

  d. Shoprite of Woodbridge: 877 St George Ave, Woodbridge, NJ 07095, and three (3) additional ShopRite locations.

9. From on or about August 2010 until July 2013, Plaintiff Hailong Yu ("Yu") was employed as a cook by Chapei LLC d/b/a Wok Empire, SAKER SHOPRITES, INC. d/b/a ShopRite, and SAKER HOLDINGS CORP. d/b/a ShopRite, at the following ShopRite supermarket locations:

  a. ShopRite of Aberdeen: 318 Lloyd Road, Aberdeen, New Jersey 07747;

  b. Shoprite of Middletown: Route 35 & Harmony Road, Middletown, NJ 07748;

  c. Shoprite of Somerville: 1 South Davenport Street, Somerville, NJ 08876;

  d. Shoprite of Woodbridge: 877 St George Ave, Woodbridge, NJ 07095, and four (4) additional ShopRite locations.

**DEFENDANTS**

*Corporate Defendants*

**Defendant SAKER SHOPRITES, INC. d/b/a ShopRite**

13. Defendant SAKER SHOPRITES, INC. d/b/a ShopRite is a domestic business corporation

3

organized under the laws of the State of New Jersey with a principal address at 922 State Route 33, Building 6, Suite 1, Freehold, New Jersey 07728.

14. SAKER SHOPRITES, INC. d/b/a ShopRite is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15. SAKER SHOPRITES, INC. d/b/a ShopRite purchased and handled goods moved in interstate commerce.

16. SAKER SHOPRITES, INC. d/b/a ShopRite owns and operates twenty nine (29) ShopRite supermarkets in New Jersey, at the following locations:

    a.  ShopRite of Aberdeen: 318 Lloyd Road, Aberdeen, New Jersey 07747;

    b.  ShopRite of Belmar: 1801 Route 35-Wall, Belmar, NJ 07719;

    c.  ShopRite of Bordentown: 622 Route 206, Bordentown, NJ 08505;

    d.  ShopRite of Bound Brook: 611 West Union Avenue, Bound Brook, NJ 08805;

    e.  ShopRite of Branchburg: 3166 Route 22, Branchburg, NJ 08876;

    f.  ShopRite of Bricktown: 668 Route 70, Brick, NJ 08723;

    g.  Shoprite of East Brunswick: 14-22 West Prospect Street, East Brunswick, NJ 08816;

    h.  Shoprite of East Windsor: 319 Route 130, East Windsor, NJ 08520;

    i.  Shoprite of Edison: Route 1 & Old Post Road, Edison, NJ 08817;

    j.  Shoprite of Ernston Road: 2909 Washington Road, Parlin, NJ 08859;

    k.  Shoprite of Ewing: 1750 North Olden Avenue, Ewing, NJ 08638;

    l.  Shoprite of Freehold: South Street & Route # 9, Freehold, NJ 07728;

    m.  Shoprite of Hamilton: 130 Marketplace Boulevard, Hamilton Township, NJ 08691;

n.  Shoprite of Hamilton Square: 1225 Route 33 Hamilton Plaza, Hamilton Township, NJ 08690;

o.  Shoprite of Hazlet: 3120 State Highway 35, Hazlet, NJ 07730;

p.  Shoprite of Howell: 4594 Route 9 S, Howell, NJ 07731;

q.  Shoprite of Marlboro: 280 Union Hill Road & Route 9, Marlboro, NJ 07751;

r.  Shoprite of Mercer: 3373 Brunswick Pike, Lawrenceville, NJ 08648;

s.  Shoprite of Middletown: Route 35 & Harmony Road, Middletown, NJ 07748;

t.  Shoprite of Montgomery: Route 206 & Route 518, Montgomery Township, NJ 08558;

u.  Shoprite of Neptune City: 2200 Asbury Avenue, Neptune, NJ 07753;

v.  Shoprite of North Brunswick: 400 Renaissance Boulevard, North Brunswick, NJ 08902

w.  Shoprite of Pennington: 2555 Pennington Road, Road, Pennington, NJ 08534;

x.  Shoprite of Piscataway: Piscataway Town Centre, Piscataway, NJ 08854;

y.  Shoprite of Toms River (Route 37): 2 Route 37 West, Toms River, NJ 08753;

z.  Shoprite of Somerville: 1 South Davenport Street, Somerville, NJ 08876;

aa. Shoprite of Wall: 2433 Highway 34, Manasquan, NJ 08736;

bb. Shoprite of West Long Branch: Route 36 & 71, West Long Branch, NJ 07764; and

cc. Shoprite of Woodbridge: 877 St George Ave, Woodbridge, NJ 07095.

**Defendant SAKER HOLDINGS CORP. d/b/a ShopRite**

17. Defendant SAKER HOLDINGS CORP. d/b/a ShopRite is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 922 State

Route 33, Building 6, Freehold, New Jersey 07728.

18. Upon information and belief, SAKER HOLDINGS CORP. d/b/a ShopRite is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

19. Upon information and belief, SAKER HOLDINGS CORP. d/b/a ShopRite purchased and handled goods moved in interstate commerce.

**Joint Employer Relationship between SAKER SHOPRITES, INC. d/b/a ShopRite; SAKER HOLDINGS CORP. d/b/a ShopRite**, **and CHAPEI LLC d/b/a Wok Empire**

20. CHAPEI LLC d/b/a Wok Empire employs cooks for its Japanese/ Chinese food section within the International Food Court section at ShopRite supermarkets operated by the Saker family.

21. SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite entered into exclusive contracts with CHAPEI LLC d/b/a Wok Empire, H & S Associates LLC d/b/a Wok Empire, and John Does #1-10 d/b/a Wok Empire to operate Wok Empire Chinese food eateries that exclusively serve ShopRite customers pursuant to an exclusive agreement.

22. Upon information and belief, Shop Rite owned by SAKER SHOPRITES, INC. d/b/a ShopRite and SAKER HOLDINGS CORP. d/b/a ShopRite has a Wok Empire Chinese food within the International Food Court at, but not limited to, following locations:

    a.   ShopRite of Aberdeen: 318 Lloyd Road, Aberdeen, New Jersey 07747;

    b.   ShopRite of Bound Brook: 611 West Union Avenue, Bound Brook, NJ 08805;

    c.   ShopRite of Branchburg: 3166 Route 22, Branchburg, NJ 08876;

    d.   ShopRite of Bricktown: 668 Route 70, Brick, NJ 08723;

e.   Shoprite of East Brunswick: 14-22 West Prospect Street, East Brunswick, NJ
     08816;

f.   Shoprite of East Windsor: 319 Route 130, East Windsor, NJ 08520;

g.   Shoprite of Edison: Route 1 & Old Post Road, Edison, NJ 08817;

h.   Shoprite of Ewing: 1750 North Olden Avenue, Ewing, NJ 08638;

i.   Shoprite of Freehold: South Street & Route # 9, Freehold, NJ 07728;

j.   Shoprite of Hamilton: 130 Marketplace Boulevard, Hamilton Township, NJ
     08691;

k.   Shoprite of Hamilton Square: 1225 Route 33 Hamilton Plaza, Hamilton
     Township, NJ 08690;

l.   Shoprite of Howell: 4594 Route 9 S, Howell, NJ 07731;

m.   Shoprite of Mercer: 3373 Brunswick Pike, Lawrenceville, NJ 08648;

n.   Shoprite of Middletown: Route 35 & Harmony Road, Middletown, NJ 07748;

o.   Shoprite of Neptune City: 2200 Asbury Avenue, Neptune, NJ 07753;

p.   Shoprite of North Brunswick: 400 Renaissance Boulevard, North Brunswick, NJ
     08902

q.   Shoprite of Toms River (Route 37): 2 Route 37 West, Toms River, NJ 08753;

r.   Shoprite of Somerville: 1 South Davenport Street, Somerville, NJ 08876;

s.   Shoprite of Wall: 2433 Highway 34, Manasquan, NJ 08736;

t.   Shoprite of West Long Branch: Route 36 & 71, West Long Branch, NJ 07764;
     and

u.   Shoprite of Woodbridge: 877 St George Ave, Woodbridge, NJ 07095.

23. Defendants SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP.

d/b/a ShopRite are considered joint employers of cooks, assistants, preparers, and other kitchen employees employed by CHAPEI LLC d/b/a Wok Empire under the Fair Labor Standards Act and the concurrent NJWHL, for various reasons, including, but not limited to:

    a. Cooks employed by CHAPEI LLC d/b/a Wok Empire exclusively cook and serve ShopRite customers, a job function that is integral to ShopRite's economic viability;

    b. Food served by CHAPEI LLC d/b/a Wok Empire is given a "ShopRite" label and bears no mention of Wok Empire;

    c. ShopRite customers pick up their food from the CHAPEI LLC d/b/a Wok Empire section of each ShopRite and pay at ShopRite cashiers;

    d. Upon customer payment, ShopRite provides customers with CHAPEI LLC d/b/a Wok Empire food with a "ShopRite" receipt that lists ShopRite as the seller as well as the Saker ShopRite Inc. location of purchase;

    e. CHAPEI LLC d/b/a Wok Empire does not have its own cashiers;

    f. CHAPEI LLC d/b/a Wok Empire only weighs food from its buffet and attaches a ShopRite label to its foam containers;

    g. Every CHAPEI LLC d/b/a Wok Empire location is placed within a ShopRite supermarket; and

    h. There is no signage outside of Saker ShopRites Inc.'s supermarkets nor on Saker ShopRites Inc.'s numerous supermarket websites informing customers of the existence of CHAPEI LLC d/b/a Wok Empire.

24. CHAPEI LLC d/b/a Wok Empire has acted in the direct interest of SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite.

25. Upon information and belief, Saker ShopRites, Inc. has authority to promulgate work rules, assignments, and set conditions of employment at Chapei LLC d/b/a Wok Empire locations.

26. Upon information and belief, SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite had substantial control of day to day supervision, operations, and employment conditions of Wok Empire.

27. Upon information and belief, Plaintiffs use the premises and equipment of SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite in performing their job duties.

28. Upon information and belief, SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite have operational control over CHAPEI LLC d/b/a Wok Empire locations, with policies through which they control the workplace at all of CHAPEI LLC d/b/a Wok Empire eateries located in SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite's supermarkets.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees of CHAPEI LLC d/b/a Wok Empire and SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite including but not limited to cooks, food preparers, food assistants, cashiers, kitchen staff, and kitchen cleaners, who have been or were employed by Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage for all hours worked and/or at the time and one half rate of overtime hourly compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring their NJWHL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

31. All said persons, including Plaintiffs, are referred to herein as the "Class."

32. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. Rule 23.

### *Numerosity*

33. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.   Whether Defendant employed Plaintiffs and the Class within the meaning of the NJWHL;

b.   Whether Plaintiffs and Class members are entitled to overtime under the NJWHL;

c.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class NJWHL;

d.   Whether Defendants maintained  policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e.   Whether Defendants provided a notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

f.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

***Typicality***

35. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

***Adequacy***

36. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are

experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38. Upon information and belief, defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF FACTS

39. Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

40. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully owed wage, at least the minimum wage for all hours worked, and lawfully owed overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

41. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

42. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice detailing rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

43. Defendants knew that the nonpayment of minimum wage and overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

13

44. Defendants failed to keep full and accurate records of Plaintiff's hour and wages.

45. Upon information and belief, Defendants failed to keep records in order to mitigate liability for their wage violations.

***Plaintiff Weigang Wang***

46. From on or about April 2012 until March 2015, Plaintiff Weigang Wang was employed by Defendants to work as a cook at various Chapei LLC d/b/a Wok Empire locations found within at least seven (7) of SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite's twenty nine (29) Shoprite supermarkets.

47. From on or about April 2012 to March 2015, Plaintiff Weigang Wang ("Wang") was employed as a cook by Chapei LLC d/b/a Wok Empire, SAKER SHOPRITES, INC. d/b/a ShopRite, and SAKER HOLDINGS CORP. d/b/a ShopRite, at the following ShopRite locations:

    a. ShopRite of Aberdeen: 318 Lloyd Road, Aberdeen, New Jersey 07747;

    b. Shoprite of Middletown: Route 35 & Harmony Road, Middletown, NJ 07748;

    c. Shoprite of Somerville: 1 South Davenport Street, Somerville, NJ 08876;

    d. Shoprite of Woodbridge: 877 St George Ave, Woodbridge, NJ 07095, and three (3) additional ShopRite locations.

48. Plaintiff Weigang Wang was constantly reassigned to different ShopRite supermarket Wok Empire locations after a period of approximately six months.

49. In April 2012, Plaintiff Weigang Wang was paid at a fixed rate of one thousand five hundred dollars ($1,500) per month.

50. In October 2012, after approximately six months, Plaintiff Weigang Wang received a raise to one thousand nine hundred dollars ($1,900) per month.

51. On or about April 2014, Plaintiff Weigang Wang received a final raise to two thousand two hundred dollars ($2,200) per month.

52. At all relevant times, Plaintiff Weigang Wang worked six days (6) a week, for approximately ten (10) hours per day for six days per week, a total of sixty hours (60) per week.

53. Plaintiff Weigang Wang was not compensated at least at one and one half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each work week.

***Plaintiff Hailong Yu***

54. From on or about August 2010 until July 2013, Plaintiff Hailong Yu was employed by Defendants to work as a cook at various Chapei LLC d/b/a Wok Empire locations found within at least seven (7) of Saker Shoprite Inc.'s twenty nine (29) Shoprite supermarkets.

55. From on or about August 2010 until July 2013, Plaintiff Hailong Yu ("Yu") was employed as a cook by Chapei LLC d/b/a Wok Empire, SAKER SHOPRITES, INC. d/b/a ShopRite, and SAKER HOLDINGS CORP. d/b/a ShopRite, at the following ShopRite locations:

    a. ShopRite of Aberdeen: 318 Lloyd Road, Aberdeen, New Jersey 07747;

    b. ShopRite of Middletown: Route 35 & Harmony Road, Middletown, NJ 07748;

    c. ShopRite of Somerville: 1 South Davenport Street, Somerville, NJ 08876;

    d. ShopRite of Woodbridge: 877 St George Ave, Woodbridge, NJ 07095, and

    e. three (3) additional Shaker ShopRite locations.

56. Plaintiff Hailong Yu was constantly reassigned to different ShopRite supermarket Wok Empire locations.

57. Plaintiff Hailong Yu was paid at a fixed rate of one thousand three hundred dollars ($1,300)

per month.

58. Plaintiff Hailong Yu received periodic raises of a few hundred dollars over the next two years until reaching his final raise of two thousand two hundred dollars ($2,200) per month in April 2012.

59. At all relevant times, Plaintiff Hailong Yu worked from approximately 9:00 a.m. to 7 p.m on every given workday.

60. Plaintiff Hailong Yu worked six days per week for approximately ten (10) hours per day, a total of sixty (60) hours per week.

61. Plaintiff Hailong Yu was not compensated at least at one and one half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each work week.

62. Upon information and belief, at all relevant times, Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

63. Upon information and belief, Plaintiffs were allowed to take one break for less than ten minutes per day.

64. Upon information and belief, Plaintiffs were given between sixty (60) dollars and one hundred (100) dollars each year during Chinese New Year.

65. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

66. Upon information and belief, while Defendants employed Plaintiffs and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such

records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or the NJWHL.

67. Due to Defendants' deliberate failure to inform Plaintiffs and the Collective Action members of their rights under the wage and hour laws, the statutes of limitations should be equitably tolled.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of Plaintiffs and the FLSA Collective Action Members]**

68. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

69. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

72. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

73. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

74. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall

be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

75. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and collective action members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and collective action members.

**COUNT II**
**[Violations of New Jersey Labor Law—Minimum Wage**
**Brought on behalf of Plaintiffs and Rule 23 Class]**

76. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

77. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NJWHL.

78. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

79. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

80. By failing to pay Plaintiffs and the class, Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**

**Brought on behalf of Plaintiffs and the FLSA Collective Action Members]**

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

83. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

84. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

85. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

86. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

87. Defendants knowingly and willfully failed to notify Plaintiffs and the FLSA Collective Action Members of the requirements of the employment laws in order to facilitate their

exploitation of Plaintiffs' and the FLSA Collective action members' labor.

88. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV
**[Violation of New Jersey Labor Law—Overtime Pay
Brought on behalf of Plaintiffs and Rule 23 Class]**

89. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate Plaintiffs and the class are entitled to.

91. Defendants' failure to pay Plaintiffs was not in good faith.

92. By failing to pay Plaintiffs and the class, Plaintiffs and the Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to the NJWHL §§ 34:11-56 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up

through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt

employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied

premium overtime wages;

b)  Certification of this case as a collective action pursuant to the FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his

counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under

FLSA and NJWHL;

e)  An injunction against Corporate Defendants its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth

herein;

f)  An award of unpaid overtime wages due under the FLSA and the NJWHL plus

compensatory and liquidated damages;

g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing

and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. § 216;

h)  An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime compensation, pursuant to the NJWHL;

i)     An award of costs and expenses of this action together with reasonable attorneys' and

        expert fees pursuant to 29 U.S.C. § 216(b) and the NJWHL;

j)     The cost and disbursements of this action;

k)    An award of prejudgment and post-judgment fees;

l)     Such other and further legal and equitable relief as this Court deems necessary, just,

        and proper.

Dated: Flushing, New York
       April 28, 2016

                               TROY LAW, PLLC
                               *Attorneys for the Plaintiffs, proposed FLSA*
                               *Collective and potential Rule 23 Class*

                               /s/ John Troy
                               John Troy (JT0481)
                               41-25 Kissena Boulevard Suite 119
                               Flushing, NY 11355
                               Tel: (718) 762-1324
                               Email: johntroy@troypllc.com