**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WEIGANG WANG, et al.,

              Plaintiffs,

              v.

SAKER SHOPRITES, INC., et al.,

              Defendants.

Civil Action No. 16-2443 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Saker ShopRites, Inc. and Saker Holding Corp.'s (collectively, "Defendants") Motion to Dismiss Weigang Wang and Hailong Yu's (collectively, "Plaintiffs") Amended Complaint (ECF No. 3) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) Plaintiffs opposed (ECF No. 12),[1] and Defendants replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss without prejudice.

**I.**    **Background**

    **A.**    **Procedural History**

    On April 24, 2015, Plaintiffs filed a four-count action ("Initial Action") against Chapei LLC d/b/a Wok Empire and Cha Lee Lo (collectively, "Initial Defendants") alleging compensation

---

[1] Plaintiffs' counsel has moved to withdraw as attorney and has acknowledged that the motion to withdraw will not prejudice the parties with regard to Defendants' Motion to Dismiss. (Mot. to Withdraw ¶ 5, ECF No. 15.)

below minimum wage and unpaid overtime. *See* Compl., *Wang v. Chapei LLC d/b/a Wok Empire*, No. 15-2950 (D.N.J. Apr. 24, 2015) ("Initial Complaint"). The Initial Complaint sought relief under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"). *See id.* On November 6, 2015, Plaintiffs retained new counsel, Troy Law PLLC, to represent them in the litigation. *See* Pls.' Mot. to Substitute Att'y, *Wang v. Chapei LLC d/b/a Wok Empire*, No. 15-2950 (D.N.J. Nov. 6, 2015).

On January 26, 2016, Plaintiffs moved to amend the Initial Complaint to add Defendants as Plaintiffs' joint employers. *See* Pls.' Mot. for Leave to Am./Correct Compl., *Wang v. Chapei LLC d/b/a Wok Empire*, No. 15-2950 (D.N.J. Jan. 26, 2016). After reviewing the parties' arguments, the Honorable Douglas E. Arpert, U.S.M.J., denied Plaintiffs' motion. *See* Order, *Wang v. Chapei LLC d/b/a Wok Empire*, No. 15-2950 (D.N.J. Apr. 20, 2016) ("Judge Arpert's Order"). Judge Arpert placed his decision on the record, and explained that Plaintiffs' motion was denied for numerous reasons. (Defs.' Ex. L, ECF No. 7-3 ("Judge Arpert's Decision").) Judge Arpert found that Plaintiffs' motion was filed after "undue delay." (Judge Arpert's Decision Tr. 5:8-12.) Judge Arpert noted that the Initial Complaint alleged that the Initial Defendants were located in various ShopRite supermarkets, which discredited Plaintiffs' argument that they had discovered that Defendants were located in ShopRites *after* filing the Initial Complaint. (*Id.* at 3:20-4:1, 5:13-17; *see* Initial Compl. ¶ 20.)

Judge Arpert further stated that even "allowing for the fact that [P]laintiffs' [new] counsel commenced his representation in November of 2015," Plaintiffs' motion for leave to amend the Initial Complaint was still unduly delayed. (Judge Arpert's Decision Tr. 5:19-6:1.) Additionally, Judge Arpert found that "nothing in the proposed amended complaint" relied on any information obtained during the "many months of discovery" that had already occurred. (*Id.* at 6:2-5.) Judge

Arpert further determined that permitting an amended complaint in a case over a year old would require the reopening of discovery resulting in "significant delay" in the resolution of the matter. (*Id.* at 6:6-13.) Finally, Judge Arpert found Plaintiffs' motion to be futile because it failed to state sufficient facts to support the addition of Defendants into the Initial Action. (*Id.* at 6:14-7:6.)

Approximately one week after Judge Arpert's Order, Plaintiffs, represented by Troy Law PLLC in conjunction with local counsel, filed the instant action against Defendants. (Compl., ECF No. 1.) Plaintiffs subsequently filed an Amended Complaint that included the signature of their attorney.[2] (Am. Compl., ECF No. 3.) Just as the Initial Action, the instant action alleges compensation below minimum wage and unpaid overtime under the FLSA and NJWHL. (*Id.* ¶¶ 68-92.) Additionally, the Amended Complaint's factual allegations arise from the same time period alleged in the Initial Action. (*See id.* ¶¶ 8-67; Initial Compl. ¶¶ 20-36.) On June 16, 2016, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.)

## II.    Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

---

[2] Otherwise, the Amended Complaint remained the same as the original. (ECF No. 3 (stating that the Complaint was "*Amended Only to Reflect Signature*").)

When considering a Rule 12(b)(6) motion, the Court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the [C]ourt must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the Court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, the Court must next determine whether the "facts alleged in the [Amended] [C]omplaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III.   Parties' Positions

According to Defendants, Plaintiffs' claims must be dismissed because Plaintiffs are "collaterally estopped from relitigating the issue of the viability of their purported claims against [Defendants]." (Defs.' Moving Br. 15.) Defendants further assert that Judge Arpert's prior ruling

4

denied Plaintiffs' Motion for Leave to File an Amended Complaint on the grounds of futility, due to Plaintiff's failure to plead specific factual allegations. (*Id.* at 18.) In the alternative, Defendants move pursuant to Rule 12(b)(6) to dismiss all of Plaintiffs' claims for failure to state a claim upon which relief can be granted. (*Id.* at 23-28.) Additionally, Defendants contend that "Plaintiffs should not be given the opportunity to file an Amended Complaint" because it would be inequitable and futile. (*Id.* at 28-29.)

Plaintiffs respond that collateral estoppel does not apply because Judge Arpert's prior ruling denied Plaintiffs' proposed amended pleading purely because the pleading was pled "upon information and belief." (Pls.' Opp'n Br. 7, ECF No. 12.) Accordingly, Plaintiffs assert that Judge Arpert did not rule on the merits of Plaintiffs' action. (*Id.*) Plaintiffs further argue that differences exist between their prior Initial Complaint and the instant Amended Complaint, but they fail to identify any of the differences. (*Id.* at 7-8.) Instead, Plaintiffs merely explain that the instant Amended Complaint contains additional factual allegations. (*Id.*) Plaintiffs proceed to argue that the Amended Complaint satisfies Rule 8(a) of the Federal Rules of Civil Procedure. (*Id.* at 8-11.) Finally, Plaintiffs argue that an amendment would not be futile but they fail to provide an explanation. Rather, Plaintiffs merely argue that they have not obtained any discovery and that their failure to produce evidence at this stage of litigation is insufficient reason to dismiss their action. (*Id.* at 11.)

## IV. Analysis

### A. Motion to Dismiss for Failure to State a Claim

Defendants' Motion to Dismiss contends that Plaintiffs' Amended Complaint fails to sufficiently allege that Defendants are Plaintiffs' joint employers, thereby precluding plausible liability under the FLSA and NJWHL. The FLSA defines "Employer" as:

> includ[ing] any person acting directly or indirectly in the interest of an
> employer in relation to an employee and includes a public agency, but
> does not include any labor organization (other than when acting as an
> employer) or anyone acting in the capacity of officer or agent of such
> labor organization.

29 U.S.C. § 207(d). Similarly, the NJWHL defines "Employer" as:

> includ[ing] any person acting directly or indirectly in the interest, or as
> an agent, of an employer in relation to an employee and further includes
> one or more individuals, partnerships, corporations, associations, legal
> representatives, trustees, trustees in bankruptcy, or receivers, but such
> term shall not include nonprofit hospital associations or corporations.

N.J.S.A. 34:11-56.1(b). Courts have found "[t]he definitions for 'employer' and 'employee' under the

FLSA and NJWHL [to be] virtually identical," and have applied the Third Circuit's test in *In re*

*Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*[3] ("*Enterprise* test") to both statutes.

*Rong Chen v. Century Buffet & Rest.*, No. 09-1687, 2012 WL 113539, at *2 (D.N.J. Jan. 12, 2012);

*Echavarria v. Williams Sonoma, Inc.*, No. 15-6441, 2016 WL 1047225, at *3 (D.N.J. Mar. 16, 2016);

*Thompson v. Real Estate Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015) ("New Jersey

courts have repeatedly emphasized that the NJWHL . . . was purposely drafted in parallel with the

FLSA.").

The Third Circuit has recognized that a "single individual may stand in the relation of an

employee to two or more employers at the same time under the [FLSA]." *In re Enter.*, 683 F.3d at 467

(quoting 29 C.F.R. § 791.2(a)) (alteration in original). Under the Third Circuit's *Enterprise* test, the

Court must apply four factors to determine the existence of a joint employer: whether the employer

has "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments,

and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day

supervision, including employee discipline; and (4) control of employee records, including payroll,

insurance, taxes, and the like." *Id.* at 469. The Third Circuit characterized this test to "reflect the facts

---

[3] 683 F.3d 462, 467-68 (3d Cir. 2012).

that will generally be most relevant in a joint employment context," but cautioned that "these factors do not constitute an exhaustive list of all potentially relevant facts." *Id.* Ultimately, the Court must consider "the total employment situation and the economic realities of the work relationship" to determine whether a plaintiff has alleged "other indicia of [an alleged employer's] 'significant control.'" *Id.* at 469-70.

According to Plaintiffs, paragraphs twenty-three and twenty-four of the Amended Complaint establish Defendants' joint employer status. These paragraphs allege:

23. Defendants SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite are considered joint employers of cooks, assistants, preparers, and other kitchen employees employed by CHAPEI LLC d/b/a Wok Empire under the Fair Labor Standards Act and the concurrent NJWHL, for various reasons, including, but not limited to:

    a. Cooks employed by CHAPEI LLC d/b/a Wok Empire exclusively cook and serve ShopRite customers, a job function that is integral to ShopRite's economic viability;

    b. Food served by CHAPEI LLC d/b/a Wok Empire is given a "ShopRite" label and bears no mention of Wok Empire;

    c. ShopRite customers pick up their food from the CHAPEI LLC d/b/a Wok Empire section of each ShopRite and pay at ShopRite cashiers;

    d. Upon customer payment, ShopRite provides customers with CHAPEI LLC d/b/a Wok Empire food with a "ShopRite" receipt that lists ShopRite as the seller as well as the Saker ShopRite Inc. location of purchase;

    e. CHAPEI LLC d/b/a Wok Empire does not have its own cashiers;

    f. CHAPEI LLC d/b/a Wok Empire only weighs food from its buffet and attaches a ShopRite label to its foam containers;

    g. Every CHAPEI LLC d/b/a Wok Empire location is placed within a ShopRite supermarket; and

    h. There is no signage outside of Saker ShopRites Inc.'s supermarkets nor on Saker ShopRites Inc.'s numerous supermarket websites informing customers of the existence of CHAPEI LLC d/b/a Wok Empire.

24. CHAPEI LLC d/b/a Wok Empire has acted in the direct interest of SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite.

(Am. Compl. ¶¶ 23-24, ECF No. 3.) In further support of Defendants' alleged joint employer status, the Amended Complaint alleges:

25. Upon information and belief, Saker ShopRites, Inc. has authority to promulgate work rules, assignments, and set conditions of employment at Chapei LLC d/b/a Wok Empire locations.

26.   Upon information and belief, SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite had substantial control of day to day supervision, operations, and employment conditions of Wok Empire.

27.   Upon information and belief, Plaintiffs use the premises and equipment of SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite in performing their job duties.

28.   Upon information and belief, SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite have control over CHAPEI LLC d/b/a Wok Empire locations, with policies through which they control the workplace at all of CHAPEI LLC d/b/a Wok Empire eateries located in SAKER SHOPRITES, INC. d/b/a ShopRite and/or SAKER HOLDINGS CORP. d/b/a ShopRite's supermarkets.

(*Id.* ¶¶ 25-28.)

Here, Plaintiffs have failed to adequately plead that Defendants are joint employers of Plaintiffs. Paragraphs twenty-three and twenty-four do not respond to any of the *Enterprise* test's four factors. Even considering the totality of the alleged employment context, paragraphs twenty-three and twenty-four do not indicate that Defendants possess "significant control" over Plaintiffs. Rather, Plaintiffs' allegations merely demonstrate reasons why a customer may confuse Wok Empire's products as ShopRite's products, which is irrelevant for the purposes of determining Defendants' status as Plaintiffs' joint employer. Notably, Plaintiffs fail to provide any authority supporting the relevance of paragraphs twenty-three and twenty-four.

Moreover, paragraphs twenty-five through twenty-eight also fail to adequately plead a joint employer status. The Third Circuit permits plaintiffs to plead upon information and belief "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control'—so long as there are no '*boilerplate and conclusory allegations*' and '[p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)) (alterations in original). Here, Plaintiffs plead, "[u]pon information and belief," boilerplate and

conclusory allegations by merely restating the elements of the *Enterprise* test. Defendants' Motion to Dismiss, therefore, is granted.

### B.     Collateral Estoppel

Defendants also argue that the Amended Complaint must be dismissed under the doctrine of collateral estoppel. Collateral estoppel precludes litigation of an issue after a court of competent jurisdiction has made a determination on that issue involving a party to the prior litigation. *See Montana v. United States*, 440 U.S. 147, 153 (1979). When considering a motion to dismiss based on the theory of collateral estoppel, the Court must find four factors: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Szehinskyj v. Atty. Gen. of U.S.*, 432 F.3d 253, 255 (3d Cir. 2005) (internal citations omitted). Under the doctrine of collateral estoppel, or issue preclusion, a final judgment forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001).

Here, the Court finds that collateral estoppel requires dismissal of the Amended Complaint. The identical issue previously adjudicated, is that the facts alleged in paragraphs twenty-three to twenty-eight of the Amended Complaint fail to properly plead Defendants' joint employer status. When Plaintiffs sought to add Defendants as parties to the Initial Action, Plaintiffs' Proposed Amended Complaint pled the exact same allegations as paragraphs twenty-three to twenty-eight of the instant Amended Complaint. *See* Proposed Am. Compl. ¶¶ 38-43, *Wang v. Chapei LLC d/b/a Wok Empire*, 15-2950 (D.N.J. Jan. 26, 2016). Upon reviewing Plaintiffs' Proposed Amended Complaint, Judge Arpert found that the allegations failed to properly plead Defendants' joint

employer status. (Judge Arpert's Decision Tr. 6:14-7:9.) According to Judge Arpert, Plaintiffs' allegations "contain[ed] no specific factual allegations that would support a finding that [Defendants] are joint employers." (*Id.* at 6:14-19.) Rather, Judge Arpert found that Plaintiffs' allegations "state[d] facts about the restaurants being in ShopRite stores, the food bearing ShopRite labels, the method of payment, et cetera . . . [along with elements of the *Enterprise* test pled] on information and belief. . . .[which were] not sufficient to withstand a motion under Rule 12(b)(6)." (*Id.* at 6:20-7:5.)

Given that the Amended Complaint makes identical allegations in support of Defendants' joint employer status, all the elements of collateral estoppel are present. The issue was actually litigated because Plaintiffs' attempt to amend their initial action to include Defendants was opposed and the Court issued a decision. Opp'n to Pls.' Mot. for Leave to Am./Correct Compl., *Wang v. Chapei LLC d/b/a Wok Empire*, 15-2950 (D.N.J. Feb. 22, 2016). Further, the previous determination was necessary to the decision because it constituted the basis for Judge Arpert's decision to deny Plaintiffs' motion with prejudice. (Judge Arpert's Decision Tr. 6:14-7:9.) Finally, the party being precluded from relitigating the issue in the instant action—Plaintiffs—was fully represented in the prior action because they raised the issue. Pls.' Mot. for Leave to Amend/Correct Compl., *Wang v. Chapei LLC d/b/a Wok Empire*, 15-2950 (D.N.J. Feb. 8, 2016). The Court, therefore, must also dismiss the Amended Complaint under the doctrine of collateral estoppel.

## V.    Leave to Amend

A district court may deny the plaintiff an opportunity to amend her pleading "based on bad faith or dilatory motives, . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Here,

in opposition to Defendants' Motion to Dismiss, Plaintiffs point to allegations identical to those already presented to Judge Arpert in the Initial Action, where Judge Arpert informed Plaintiffs of their failure to properly plead a joint employer status. In filing this action, Plaintiffs completely disregarded Judge Arpert's decision in the Initial Action and failed to address the pleading deficiencies Judge Arpert identified. Plaintiffs, therefore, seemingly filed the instant action purely to circumvent Judge Arpert's decision without making any attempt to cure their deficient allegations.

Further, in the Initial Action, Plaintiffs sought to add Defendants after many months of discovery, despite having known from the beginning of the suit—as evidenced by the allegations in their Initial Complaint—all the facts alleged in support of Defendants' status as a joint employer. (Judge Arpert's Decision Tr. 5:13-6-5.) Given that the parties completed discovery in the Initial Action, Plaintiffs' failure to add any relevant allegations in support of Defendants' status as joint employers—beyond allegations pled "upon information and belief"—seems disingenuous at best. Nevertheless, in an abundance of caution and in the interest of justice, the Court will permit Plaintiffs one final opportunity to amend their pleading.

With regard to Defendants' argument that dismissal under collateral estoppel warrants dismissal with prejudice due to futility, the Court disagrees given the unique facts of this case. Here, the collateral estoppel doctrine arises because the Amended Complaint alleges identical facts as the Proposed Amended Complaint from the Initial Action with regard to Defendants' joint employer status. These precise allegations have already been adjudicated in the Initial Action as insufficient by Judge Arpert in the context of Plaintiffs' motion to amend. Had Plaintiffs presented different or amended facts in support of Defendants' joint employer status in the instant action, collateral estoppel would not have precluded the Court from reviewing the new allegations.

11

Moreover, Defendants do not argue claim preclusion, which, if applicable, would preclude Plaintiffs' claims against Defendants altogether. Based on the parties' submissions, and as reflected by Defendants' decision to pursue dismissal under collateral estoppel and not res judicata, the Court finds res judicata inapplicable. Accordingly, the scope of collateral estoppel is limited to the extent that the instant action pleads allegations identical to those already reviewed by Judge Arpert, and does not preclude Plaintiffs from amending their pleading.

## VI.   Conclusion

For the reasons set forth above, it is hereby ordered that the Court **GRANTS** Defendants' Motion to Dismiss without prejudice pursuant to Rule 12(b)(6). An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: January 26th, 2017